AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of Delaware

UNITED STATES OF AMERICA
V.
Ryan Bacon
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: CR 05-93-JJF

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in 21 USC §841.
  - X under 18 U.S.C. § 924(c).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence X a preponderance of the evidence :

1. Defendant was the only person in a group, which dispersed after an altercation and upon the arrival of the WPD, who walked towards the police vehicle. As defendant was at the rear of the vehicle, the arresting officer heard a metallic like sound which a firearm was found. Pat down incident to the arrest, yielded 2.73 gr. of heroin on defendant's person. The revolver was a Silva 38 with 4 rounds in the chamber. Another revolver was found on the sidewalk in the vicinity where defendant had been walking which was a 9 mm lugar with 7 rounds in the magazine and 1 in the chamber. The police confirmed that the revolver found at the rear of the police vehicle was stolen in February 2003.
2. Defendant has been detained since his arrest on September 7, 2005 on state charges which were dismissed for federal prosecution.
3. Defendant's prior criminal history includes: possession of a non-narcotic pled guilty in January 2005. Defendant was on probation at the time of these offenses and has a VOP pending. As a result of this arrest, defendant is charged with possession of a firearm by a felon, possession with intent to distribute heroin and carrying a firearm during/in relation to a drug trafficking crime. Defendant was convicted of receiving stole property in June 2005 and was also on probation for this conviction.

His ties to this community are relatively limited and could not be confirmed prior to the hearing since defendant declined an interview by Pretrial Services. His license is currently revoked but does list an address in Wilmington. His residence has not been confirmed. Obviously, since defendant has been incarcerated, there is not recent employment history and it is unknown whether defendant has any mental or physical problems, including any substance abuse problems.

FILED
NOV 28
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

For the reasons listed above, there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community._____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 22, 2005 | _[signature]_ |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).