IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-93-JJF |
| | ) | |
| RYAN BACON | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Christopher J. Burke, Assistant United States Attorney for the District of Delaware, and the defendant, Ryan Bacon, by and through his attorney, Christopher S. Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count Three of the Indictment, which charges him with knowingly carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) & (2), which carries a maximum sentence of a term of imprisonment of up to life with a minimum term of five years, a fine of $250,000, or both, five years supervised release and a $100 special assessment.

2. At the time of sentencing, the Government agrees to move to dismiss Counts One and Two of the Indictment.

3. The defendant understands that if there were a trial, the Government would have to prove with respect to Count Three, carrying a firearm during and in relation to a drug trafficking crime, the elements of the offense – (1) that on or about September 7, 2005, he knowingly carried a firearm; and (2) that he carried the firearm during and in relation to a drug trafficking crime, to wit, possession with intent to distribute heroin.

4. The defendant knowingly, voluntarily, and intelligently admits that, on September 7, 2005, in the State and District of Delaware, he knowingly carried a firearm, that is, a Standard Arms of Nevada, Inc. 9 mm pistol, model SA-9, Serial Number 01451, and a Taurus .38 caliber revolver, Serial Number UI34528, during and in relation to his possession with the intent to distribute heroin.

5. The defendant abandons any right, title and interest that he may have in the following firearms: a Standard Arms of Nevada, Inc. 9 mm pistol, model SA-9, Serial Number 01451, and a Taurus .38 caliber revolver, Serial Number UI34528, the firearms having been seized by the Wilmington Police Department on or about September 7, 2005; agrees to execute all documents requested by the government to effect his abandonment; and agrees that the Bureau of Alcohol Tobacco and firearms and/or the Wilmington Police Department may dispose of the firearms in whatever manner it deems appropriate.

6. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). He understands that the final determination of the sentencing

guidelines will be up to the sentencing judge. The United States represents to the defendant that based on the information available, the United States believes that with respect to Count Three, carrying a firearm during and in relation to a drug trafficking crime, the guideline sentence is the minimum term of imprisonment required by 18 U.S.C. § 924(c) - 60 months of imprisonment. The government agrees to recommend that the Court impose a sentence of 60 months imprisonment. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

7. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                                COLM F. CONNOLLY
                                                United States Attorney

_____    By:_____
Christopher S. Koyste, Esquire           Christopher J. Burke
Attorney for Defendant                     Assistant United States Attorney

_____
Ryan Bacon
Defendant

Dated:

      **AND NOW**, this _____ day of _____, 2006, the foregoing Memorandum of

Plea Agreement is hereby (accepted) (rejected) by this Court.

                                      _____
                                      Joseph J. Farnan, Jr.
                                      United States District Judge